REQUESTED BY: Honorable John W. DeCamp Member of the Legislature 1116 State Capitol Lincoln, Nebraska 68509
Dear Senator DeCamp:
You have requested the opinion of this office regarding LB 68 which would amend Neb.Rev.Stat. § 48-818 (Cum.Supp. 1980). Said statute presently authorizes the Commission of Industrial Relations to establish rates of pay and conditions of employment which are `. . . comparable to the prevalent wage rates paid and conditions of employment maintained for the same or similar work of workers exhibiting like or similar skills under the same or similar working conditions. . . .' LB 68 would amend § 48-818 by adding the following:
 `. . . except that the commission shall also consider, compare and adjust for dissimilarities in the financial capability of employers to meet the increased costs of altered rates of pay, hours of labor, or conditions of employment.'
Essentially, the provisions of LB 68 would require the Commission to consider an employer's financial capabilities, as well as prevalent wages and conditions, in establishing rates of pay and conditions of employment. Our research reveals that numerous states enumerate the financial ability of the governmental unit employer as a factor to be considered by the dispute resolution body in establishing wages and conditions, although the language employed in articulating such criteria differs from LB 68. See, for example, Iowa Code Ann. § 20.22(9)(c); Fla.Stat.Ann. § 447.405(5); New York Laws Ann. 9 § 209(4)(v)(b) (Cum.Supp.). We are aware of no cases challenging the validity of such criteria.
In our opinion, there exists no legal prohibition to the statutory inclusion of the criteria proposed by LB 68.
Sincerely, PAUL L. DOUGLAS Attorney General Lynne Fritz Assistant Attorney General